Shaw C. J.
delivered the opinion of the Court. Two questions are raised in this case; first, whether the writing produced and relied upon by the plaintiff constituted a warranty of the quality of .the wines ; secondly, whether the testimony of Osgood was admissible.
We are of. opinion that the writing in question cannot be considered as a warranty, that the wine was of any particular description or quality.
One objection is, that the words are too uncertain and indefinite to constitute such warranty.
But another, and as it appears to us, a decisive objection is, that the written agreement relied on does not purport to be a contract of sale; but it presupposes a sale already made, and is of itself a promise and undertaking to ship the wine to New Orleans, packed and addressed in the manner therein specified. There is no doubt that in a contract of sale, words of description are held to constitute a warranty, that the articles sold are of the species and quality so described. But the warranty must be upon the sale, and one of the terms of the contract of sale. Any subsequent or collateral contract of warranty, must arise from an express promise or' undertaking *102 to warrant, and that upon a new consideration, distinct from that of the sale itself.
And this, in effect,- decides the other question, as to the admissibility of Osgood’s testimony. The objection rests upon the maxim, that where parties have reduced their contract to writing, parol evidence cannot be admitted to alter or control it. But if the written agreement does not purport to contain the contract of sale or to recite the whole of the contract of the parties, then parol evidence was admissible, to show what the terms of the contract of sale were, and that the wine mentioned in the contract to ship was the wine actually contracted for by the plaintiff, and that the same wine was shipped.
To the position, that where a writing does not express the whole contract, parol evidence is admissible, the case of Bradford v. Manly, cited in the argument, is in point. There the bill of parcels mentioned the sale of “cloves,” leaving it uncertain what kind of cloves was meant, and the Court admitted parol evidence of collateral matter, not repugnant to the written evidence, showing that the contract had reference to cloves of a particular kind.[1]
As the defendant does not object to the verdict, and as the motion on the part of the plaintiff to set it aside, on the grounds now considered, is not sustained, the result will be

Judgment on the verdict.